UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE Phillip B. Maxwell (P24872)

                          Misc. Case No. 22-50112

_____/

## OPINION & ORDER
## DENYING MOTION TO RESCIND ORDER OF SUSPENSION

Attorney Phillip B. Maxwell ("Maxwell"), was suspended by the State of Michigan Attorney Discipline Board. Thereafter, this Court issued an Order of Suspension. The matter is now before this Court on Maxwell's "Motion To Rescind Order Of Suspension." The Court concludes that oral argument on this motion is not necessary. For the reasons set forth below, the Court DENIES the motion.

## BACKGROUND

On October 4, 2019, the State of Michigan Attorney Discipline Board issued a "Notice Of Automatic Interim Suspension" as to Maxwell stating:

> On October 4, 2019, respondent was convicted, by guilty plea, of operating while intoxicated, 3rd offense, in violation of MCl 257.62560, a felony, in the matter titled *People of the State of Michigan v Phillip Maxwell*, Oakland County Circuit Court, Case No. 18-268423-FH. In accordance with MCR 9.120(8)(1), respondent's license to practice law in Michigan was automatically suspended on the date of his felony conviction.
> Upon the filing of a certified judgment of conviction, this matter will be assigned to a hearing panel for further proceedings. The interim suspension will remain in effect until the effective date of an order filed by a hearing panel.

(ECF No. 1).

On December 19, 2019, the State of Michigan Attorney Discipline Board issued a

"Notice of Suspension With Conditions" "(By Consent)" stating:

> Notice Issued: December 19,2019
>
> Phillip B. Maxwell, P 24872, Oxford, Michigan, by the Attorney Discipline Board Tri-County Hearing Panel #52.
>
> Suspension - 90 Days, Effective October 4, 2019.
>
> The respondent and the Grievance Administrator filed a Stipulation for Consent Order of a 90-Day Suspension With Conditions, in accordance with MCR 9.115(F)(5), which was approved by the Attorney Grievance Commission and accepted by the hearing panel. The stipulation contained respondent's admission that he was convicted in a matter titled *People of the State of Michigan v Phillip Barrett Maxwell*, Oakland County Circuit Court Case No. 18-268423-FH, of operating while intoxicated, 3rd offense, a felony in violation of MCl 257.6256D. Based on respondent's conviction, admissions, and the stipulation of the parties, the hearing panel found that respondent committed professional misconduct by engaging in conduct that violated a criminal law of a state or of the United States, an ordinance, or tribal law pursuant to MCR 2.615, in violation of MCR 9.104(5).
> In accordance with the stipulation of the parties, the hearing panel ordered that respondent's license to practice law in Michigan be suspended for 90 days and that he be subject to conditions relevant to the established misconduct. Costs were assessed in the amount of $781.92.

(ECF No. 2).

 The Clerk's Office advised that Maxwell did not report that order of discipline to this Court. (*See* Local Rule 83.22(g)(3)).

Nevertheless, on February 2, 2022, an "Order of Suspension" was issued by the Honorable Denise Page Hood, who was the Chief Judge of this Court on that date. The Order of Suspension states:

> Phillip B. Maxwell was suspended from the practice of law for a period of 90 days by the Michigan Attorney Discipline Board, effective October 4, 2019. Accordingly, Phillip B. Maxwell is suspended from the practice of law before the United States District Court and the United States Bankruptcy Court for the Eastern District of Michigan pursuant to E.D. Mich. LR 83.22.
> ***Reinstatement by the United States District Court is not reciprocal to***

> ***any reinstatement issued by any Attorney Discipline Board. Local Rule 83.22(i) governs reinstatement in the United States District Court (Attachment A).***
>
> A copy of this Order shall be served upon Phillip B. Maxwell via certified mail/return receipt requested.[1]
>
> IT IS SO ORDERED.

(ECF No. 3) (emphasis added). The Notice attached a copy of the governing local rule, Local Rule 83.22 ("Attorney Discipline").

On February 28, 2022, Maxwell filed a "Motion To Rescind Order Of Suspension." (ECF No. 5).

On February 31, 2022, this Miscellaneous Case was reassigned to the undersigned judge, as the current Chief Judge of the United States District Court for the Eastern District of Michigan.

## ANALYSIS

On February 2, 2022, the Order of Suspension relating to Maxwell was issued in this Court.

Pursuant to Rule 83 of the Local Rules for the Eastern District of Michigan, an attorney may file an application for review of such an order within 28 days of the order, and those applications are reviewed by the Chief Judge. Local Rule 83.22(g)(2). That rule provides that the Court "shall modify or vacate the discipline if, on the record supporting the order of discipline in the other jurisdiction, the attorney demonstrates or the court finds that it clearly appears" that:

> (i) the procedure in the other jurisdiction constituted a deprivation of due process; or

---

[1] The docket reflects that the copy of the order mailed to Maxwell was returned as undeliverable (ECF No. 4), as it appears that Maxwell's mailing address has changed.

  (ii) there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this court could not accept as final the conclusion on that subject; or

  (iii) imposing the same discipline in this court would result in gave injustice; or

  (iv) the misconduct warrants substantially different discipline.

(*Id*.). If the Chief Judge "determines that any of these grounds exist," the Court "shall order other appropriate discipline or no discipline." Local Rule 83.22(g)(2).

  In his "Motion To Rescind Order Of Suspension," Maxwell does not claim that any of the above grounds exist. In addition, the record before this Court does not establish that any of those grounds exist. For example, it does not appear that the procedure in the other jurisdiction constituted a deprivation of due process, where Maxwell pleaded guilty to the underlying criminal offense and consented to the Order of Suspension issued by the State of Michigan Attorney Discipline Board.

  Rather than address any of the above grounds, Maxwell's motion appears to ask the Court to rescind the Order of Suspension in this Court because the State of Michigan Attorney Discipline Board issued an Order of Reinstatement.

  But, as the Order of Suspension issued in this Court expressly advised Maxwell, "[r]einstatement by the United States District Court ***is not reciprocal*** to any reinstatement issued by any Attorney Discipline Board" and "Local Rule 83.22(i) governs reinstatement" in this Court. (ECF No. 3) (emphasis added).

  If Maxwell wishes to seek reinstatement in this Court, he must apply for reinstatement pursuant to Local Rule 83.22(i).

**CONCLUSION & ORDER**

Accordingly, IT IS ORDERED that Maxwell's Motion To Rescind Order Of Suspension (ECF No. 5) is DENIED.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox, Chief Judge
United States District Court

Dated:  April 5, 2022